IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SCOTT PAVLAK,

      Plaintiff,

v.                                 No. 1:23-cv-00133

CIRILO CASTANEDA and
BULLFROG LOGISTICS, LLC,

      Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Cirilo Castaneda and Bullfrog

Logistics, LLC ("Defendants"), by and through their counsel, Rodey, Dickason, Sloan, Akin and

Robb, P.A., and seek to remove the above-captioned action from the Fifth Judicial District Court

for the State of New Mexico, County of Eddy, to the United States District Court for the District

of New Mexico, and as grounds therefore states as follows:

**I.**      **Procedural Background and Legal Claims**

1.      Defendants are named-Defendants in the civil action Cause No. D.503-CV-2022-

00421, filed by Plaintiff Scott Pavlak ("Plaintiff") in the Fifth Judicial District Court for the State

of New Mexico ("State Court Action").

2.      The Complaint in the State Court Action was filed with the Clerk in the Fifth

Judicial District Court on June 30, 2022. A true and correct copy of Plaintiff's Complaint for

Damages and Personal Injury ("Complaint") is attached as Exhibit A.

3.      A copy of the Complaint in the State Court Action was served on Defendant

Cirilo Castaneda on August 24, 2022. On August 22, 2022, a copy of the Complaint in the State

Court Action was served on a "Sonny Park" who was identified as the wife of Jeff McWhorter. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants in the State Court Action is attached hereto as Exhibit B.

4. Defendants filed their Answers to Plaintiff's Complaint in the State Court Action on October 11, 2022. *Id.*

5. On November 23, 2023, Defendant Cirilo Castaneda propounded his First Set of Interrogatories, Requests for Production, and Requests for Admission to Plaintiff. *Id.*

6. On January 13, 2023, Plaintiff provided Plaintiff's Answers/Responses/Objections to Defendant Cirilo Castaneda's First Set of Interrogatories, Request for Production of Documents, and Request for Admissions ("Plaintiff's Answers to Written Discovery"), wherein Plaintiff identified that the damages sought in the State Court Action meets the jurisdictional requirement in 28 U.S. § 1332(b). The relevant portions of Plaintiff's Answers to Written Discovery are attached hereto as Exhibit C.

7. This Notice is being filed with this Court within thirty (30) days after Defendants received a copy of Plaintiff's Answers to Written Discovery, wherein it may first be ascertained that the case is one which is removable per 28 U.S.C. § 1446(b)(3).

8. This Court is the proper district court for removal because the State Court Action is pending within this district.

9. Generally, this case involves Plaintiff's claims for damages stemming from the trucking accident involving Scott Pavlak. Plaintiff alleges negligence, negligence per se, respondeat superior, and punitive damages.

10. As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements

for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

**II.      Defendants Have Satisfied the Procedural Requirements for Removal**

11.      Defendants, pursuant to 28 U.S.C. §§ 1446(b), timely file this Notice of Removal. Defendants file this Notice of Removal within 30 days after receipt of Plaintiff's Answers to Written Discovery, wherein it may first be ascertained that the case is one which is removable per 28 U.S.C. § 1446(b)(3).

12.      Pursuant to 28 U.S.C. § 1445(a) and D.N.M. LR-Civ. 81.1(a), copies of all process, pleadings, orders, and other papers served upon Defendants in the State Court Action are attached as Exhibits A and B.

13.      Venue is proper in this Court pursuant to 28 U.S.C. § 89(c) because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

14.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest, and this is between citizens of different states.

15.      No previous application has been made for the relief requested herein.

16.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served upon counsel for Plaintiff and a copy will be filed with the Clerk of the Court for the Fifth Judicial District Court for the State of New Mexico.

**III.     There is Complete Diversity of Citizenship**

17.      Plaintiff is a resident of the State of Florida.  *See* Ex. A.

18.      Defendant Cirilo Castaneda is a resident of the State of Texas. *Id*.

19.     Defendant Bullfrog Logistics, LLC ("Defendant Bullfrog") was a limited liability

company with its citizenship in the State of New Mexico. *Id.*

20.     Therefore, the diversity requirements of 28 U.S.C. § 1332(a) are met because

there is complete diversity of citizenship between Plaintiff and Defendants

## IV.     The Amount in Controversy Requirement is Satisfied

21.     To confer subject matter jurisdiction on this Court based on subject matter

jurisdiction, the amount in controversy must exceed $75,000.00, exclusive of interest and costs.

28 U.S.C. § 1332(a). Where the face of the complaint is silent as to the amount of the plaintiff's

damages, such jurisdictional facts must be proven by a "preponderance of the evidence."

*McPhail v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008). In applying this rule to a

situation in which the face of the complaint was silent as to the amount in controversy, the Tenth

Circuit approved the solution offered by the Seventh Circuit in *Meridian Security Ins. Co. v.*

*Sadowski* stating:

> [T]he removing defendant, as a proponent of federal jurisdiction, must establish
> what the plaintiff stands to recover. We have suggested several ways in which this
> may be done—by contentions, interrogatories or admissions in state court; by
> calculation from the complaint's allegations[;] *by reference to the plaintiff's*
> *information estimates or settlement demands*[;] or by introducing evidence, in the
> form of affidavits from the defendant's employees or experts, about how much it
> would cost to satisfy the plaintiff's demands. The list is not exclusive; any given
> proponent of federal jurisdiction may find a better way to establish what the
> controversy between the parties amounts to, and this demonstration may be made
> from either side's viewpoint (what a judgment would be worth to the plaintiff, or
> what compliance with an injunction would cost the defendant).

*McPhail*, 429 P.2d at 954 (quoting *Meridian Security*, 441 F.3d 536, 540-41 (7th Cir. 2006)

(emphasis added).  If the defendant meets the initial burden to establish, by a preponderance of

the evidence, "jurisdictional *facts* that ma[k]e it *possible* that $75,000 [i]s in play," *id.* at 955,

then "the case stays in federal court unless it is legally certain that the controversy is worth less

than the jurisdictional minimum." *Id*. at 954 (citing *Meridian Security*, 441 F.3d at 540-43). "If the amount is uncertain that there is a potential controversy, which is to say that at least $75,000 is in controversy in the case." *Id*. Additionally, the United States Supreme Court clarified that a defendant seeking removal to federal court need only include in the notice of removal a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Graham v. Troncoso*, 2015 WL 1566433, at *6 (D.N.M. Mar. 30, 2015 (citing *Dart Cherokee Basin Operating C. v. Owen*, 135 S. Ct. 547, 554 (2014)). The district court should consider outside evidence to find whether the amount in controversy requirement is satisfied "only when the plaintiff contests, or the court questions, the defendant's allegations." *Id.*

22.    On January 13, 2023, Plaintiff admitted that the damages sought in the Complaint exceed $75,000.00. *See* Exhibit C.

23.    While Defendants dispute the value Plaintiff attaches to his claims and disputes any liability, Plaintiff's Answers to Written Discovery satisfy the amount in controversy requirement of 28 U.S.C. § 1332(a).

24.    Because the amount in controversy is met here and because there is complete diversity of citizenship between the parties, removal of this case to this Court is appropriate.

WHEREFORE, Defendants respectfully remove this matter from the Fifth Judicial District Court to this Court for determination of all issues. Pursuant to 28 U.S.C. § 1441, promptly upon filing this notice, Defendants will give written notice of the filings to Plaintiff and will file a copy of this notice with the Clerk of the Fifth Judicial District Court, Eddy County, New Mexico, from which this action is removed.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.


By _____*/s/ Lauren T. Winston*_____
    Seth L. Sparks
    Lauren T. Winston
Post Office Box 1888
Albuquerque, New Mexico 87103-1888
Telephone:  505-765-5900
Facsimile:  505-768-7395
ssparks@rodey.com
lwinston@rodey.com
*Attorneys for Defendants Cirilo Castaneda and*
  *Bullfrog Logistics, LLC*