UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

SCOTT PAVLAK,

    Plaintiff,

vs.                                                  Civ. No. 23-133 KRS/GJF

CIRILO CASTANEDA and
BULLFROG LOGISTICS, LLC,

    Defendants.

## ORDER TO AMEND

THIS MATTER is before the Court sua sponte following its review of the Notice of Removal. ECF 1. Defendants removed this action to federal court citing diversity jurisdiction. *E.g.*, *id.* at ¶¶ 17–19. The Court has a duty to determine *sua sponte* whether subject matter jurisdiction exists. *See Tuck v. U.S. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Having considered the Notice, the applicable law, and being otherwise fully advised in the premises, the Court concludes that the Complaint fails to allege the necessary facts to sustain diversity jurisdiction.

Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States." The burden of establishing diversity jurisdiction falls "on the party asserting it." *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). The same goes for removal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014).

The Notice alleges that Defendant Bullfrog Logistics, LLC "is a limited liability company" with its "citizenship in the State of New Mexico." ECF 1 at ¶ 19. But determining the citizenship of an LLC is different from determining the citizenship of a corporation under § 1332. Although a corporation is considered a citizen of the state(s) in which it was incorporated and in which it maintains its principal place of business, an LLC is a citizen of each and every state in which *any member* is a citizen. *Compare* 28 U.S.C. § 1332(c), *with Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) (remanding to the district court to determine the citizenship of all the members of the plaintiff limited liability company). If Defendant Bullfrog Logistics is indeed an LLC, the Notice requires supplementation because it fails to allege the citizenship of every LLC member.

Additionally, Federal Rule of Civil Procedure 7.1(a)(2) requires that

In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name--and identify the citizenship of--every individual or entity whose citizenship is attributed to that party or intervenor:
**(A)** when the action is filed in or removed to federal court, and
**(B)** when any later event occurs that could affect the court's jurisdiction under § 1332(a).

Defendant Bullfrog Logistics has not filed such a disclosure statement, so the Court in unable to determine its citizenship.

Accordingly, the Court will give Defendants an opportunity to file an amended Notice of Removal and will give Defendant Bullfrog Logistices, LLC, an opportunity to file a corporate disclosure statement to allege facts necessary to sustain diversity jurisdiction. *Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300–02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principal place of business of the defendant, along with citizenship, rather than mere residence, of the plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir.

1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). If Defendant Bullfrog Logistics is not an LLC, it should instead file a notice clarifying what type of entity it is.

**IT IS THEREFORE ORDERED** that Defendants shall amend their Notice of Removal to properly allege diversity jurisdiction—if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure—no later than May 12, 2023.

**IT IS FURTHER ORDERED** that Defendant Bullfrog Logistics shall file a corporate disclosure statement that complies with Rule 7.1(a)(2) no later than May 12, 2023.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE